UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KENNETH J. BELLET,

                              Plaintiff,

v.

CITY OF BUFFALO, et al.,

                              Defendants.

**DECISION AND ORDER**

03-CV-00027(M)

---

In accordance with 28 U.S.C. §636(c), the parties have consented to proceed before a Magistrate Judge [125].[1] At the March 29, 2010 proceeding plaintiff argued that defendant Jamie Miller was not the proper defendant, and that the proper defendant remains to be served. He also argued that the proper defendant should be joined before the case proceeds to trial on December 6, 2010. Therefore, I directed plaintiff to "show cause in writing as to why he did not address this issue within the deadlines set forth by the Case Management Order". March 29, 2010 text order [124]. Defendant filed a response to my order to show cause on April 14, 2010 [127]. For the following reasons, I find that plaintiff has not demonstrated good cause to extend the deadlines of the Case Management Order.

---

[1]     Bracketed references are to the CM/ECF docket entries.

**BACKGROUND**

The amended complaint named several John Doe defendants [4], who were later identified as Buffalo Police Officers Jamie Miller and Nathaniel Gainey. The amended complaint was amended to add these defendants on December 4, 2007 [61]. As a result of reviewing certain *in camera* records in conjunction with a discovery dispute, I subsequently learned that defendant Jamie Miller was a female, whereas the second amended complaint identified her as a male. I advised plaintiff of this at the December 19, 2007 status conference, and he confirmed that the defendant involved in the incident was a male. Thus, I directed that the second amended complaint not be served upon defendant Jamie Miller, as she was clearly not the proper defendant. A Case Management Order was implemented shortly thereafter giving the parties until February 15, 2008 to amend pleadings and add parties, and until December 19, 2008 to complete discovery [76].

**ANALYSIS**

In order for plaintiff to identify and add the proper defendant, an extension of the deadlines of the Case Management Order is necessary to permit him to conduct discovery and amend the complaint. However, "the time for discovery . . . has passed and to modify those Orders to allow discovery at this late date would require a showing of good cause and leave of the Court." Matya v. United Refining Co., 2006 WL 2516507, *3 (W.D.N.Y. 2006) (Scott, M.J.).

According to plaintiff, defendant Nathaniel Gainey and an unidentified African-American male used excessive force on him on January 14, 2000. Plaintiff's affirmation [127], ¶2. Despite defendant Gainey[2] having been a party to this case since December 20, 2007, it does not appear that plaintiff has undertaken any efforts to seek the identity of the African-American male from defendant Gainey or the other defendants. Plaintiff having failed to provide any explanation for why he has not done so, I find that he has not demonstrated good cause to extend the deadlines of the Case Management Order.

## CONCLUSION

For these reasons, I find that plaintiff has not demonstrated good cause to extend the deadlines of the Case Management Order. Therefore, the trial will commence as scheduled (with jury selection on December 6, 2010) with the defendants currently in the case.

**SO ORDERED**.

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge

Dated: May 10, 2010

---

[2] At the May 5, 2010 proceeding, plaintiff conceded that defendant Gainey was the proper defendant.