UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KENNETH J. BELLET,

Plaintiff,

v.

CITY OF BUFFALO, et al.,

Defendants.

**DECISION AND ORDER**

03-CV-00027(M)

Although litigants normally have the right to have their claims decided on their merits, that right is not absolute. In a rare case, it can be forfeited by a party's misconduct. This is such a case.

**BACKGROUND**

Plaintiff commenced this action *pro se* in January 2003, seeking relief pursuant to 42 U.S.C. §1983 for alleged violations of his civil rights by the City of Buffalo and various other defendants. Complaint [1].[1] On February 7, 2007 District Judge William Skretny referred the case to Magistrate Judge Leslie Foschio for supervision of pretrial proceedings [17], and it was reassigned to me on March 1, 2007 [19]. On March 29, 2010, the parties filed a consent to all further proceedings before a Magistrate Judge, pursuant to 28 U.S.C. §636(c) [125].

Over the course of this litigation, plaintiff has on several occasions sought recusal of both Judge Skretny and me [5, 11, 98, 102, 103, 134, 160], in the course of which he has

1 Bracketed references are to civil docket entries.

made accusations which far exceed the bounds of fair commentary by any litigant. For example, he has alleged:

- - that Judge Skretny "without doubt committed the crime of treason against the United States Constitution" (June 21, 2003 affidavit [5], ¶8);

- - that Judge Skretny "deliberately deceived a higher Court in granting a summary judgment motion by lying about a cause of action" (May 7, 2007 affidavit [21], ¶11);

- - that Judge Skretny "conspired with other judges to create a local rule to justify his impropriety" (March 18, 2009 Supplemental Affirmation [103], ¶2);

- - that Judge Skretny "falsified a cause of action and other things in a prior case of mine and I know Skretny to be corrupt" (id., ¶3);

- - that I have "colaborated [*sic*] in [defendants'] deliberate deception" (May 20, 2010 affidavit [131], ¶10);

- - that "McCarthy is not a man of sound mind" (June 28, 2010 affidavit [134], ¶12);

- - that "I moved for McCarthy's recusal and he refuses. Wherefore I, by the powers granted to me by the Congress of the United States do hereby remove McCarthy from this matter and if Judge McCarthy believes I can't do this than we'll let the Supreme Court decide whether I can and any decisions or orders from McCarthy will be considered by me as void" (March 18, 2009 Supplemental Affirmation [103], ¶11);

- - that "although McCarthy has a trial date set . . . I will not try a case in his Court as McCarthy is not trustworthy"(June 28, 2010 Affidavit [134], ¶37);

- - that "Judge McCarthy believes that he (McCarthy) is God Almighty . . . . I have a Right to a sane Judge, I demand one; Let Judge McCarthy go some place get some treatment perhaps shock treatment, Thorazine and maybe he (McCarthy) will get well" (June 16, 2011 Objections [160], ¶8 and p.3).[2]

In addressing plaintiff's most recent request for recusal [160], I issued a Decision and Order on June 23, 2011 [161], in which I stated:

> "We have been down this road more than once before, and plaintiff's objections have previously been addressed. If plaintiff disagrees with any of my rulings, he is free to seek appellate review in the event he does not prevail in this case.
>
> In the meanwhile, I see no basis for recusal. A party cannot force disqualification by attacking the judge and then claiming that these attacks must have caused the judge to be biased against him.' United States v. Marshall, 77 F.Supp.2d 764, 768 (N.D.Tex. 1999). Therefore, plaintiff's motion is once again denied. Furthermore, I remind plaintiff of his obligations under Fed. R. Civ. P. ("Rule") 11(b) (a copy of which is attached to this Decision and Order), and that future violations of those obligations may lead to the imposition of appropriate sanctions, up to and including dismissal of this action."

On September 29, 2011 plaintiff filed an application for entry of default against defendant Donald Miller [178], alleging that he had served the complaint upon defendant Miller by mail pursuant to Rule 5, and that Mr. Miller had not timely answered. By letter dated October 7, 2011 [186], City of Buffalo Assistant Corporation Counsel Carmen J. Gentile requested a conference with the court, noting that service by first class mail only upon defendant

---

2 In addition to proceedings in this court, on October 15, 2010 plaintiff filed a complaint with the Judicial Council of the Second Circuit, charging me with judicial misconduct. That complaint was dismissed by Chief Judge Dennis Jacobs on November 29, 2010 (Docket No. 10-90129-jm).

Miller was improper,[3] and offering to accept service and file an answer on his behalf, as he Miller was retired from the Buffalo Police Department.

Upon receipt of that letter, I scheduled a telephonic conference with the parties [179], which I then adjourned twice at plaintiff's request [180, 182]. The conference finally took place on December 9, 2011 [187], during which the following exchange occurred:

> "MR. BELLET: I received an answer from the city on the 21st that's untimely. Mr. Miller did not hire a city attorney.
>
> THE COURT: Well, I think Mr. --
>
> MR. GENTILE: I'd be willing to accept service for Mr. Miller.
>
> MR. BELLET: You can't go out and solicit your client, you know that.
>
> THE COURT: Mr. Bellet --
>
> MR. BELLET: Who do you think you are?
>
> THE COURT: Mr. Bellet --
>
> MR. GENTILE: Mr. Bellet --
>
> THE COURT: Now, Mr. Gentile, let me speak for a minute.
>
> MR. GENTILE: Buffalo police officer.
>
> THE COURT: Mr. Bellet, I'm the judge in this case.
>
> MR. BELLET: Not anymore.
>
> THE COURT: Mr. Bellet --
>
> MR. BELLET: The guy hasn't been an officer in ten years.
>
> THE COURT: Mr. Bellet, I'm the judge in this case. If --

---

[3] Service was indeed improper, because it was attempted pursuant to Rule 5 rather than Rule 4(d), nor was there any indication that defendant Miller had been served with a summons, as required by Rule 4(c).

MR. BELLET: City charter doesn't let this guy solicit private clients.

THE COURT: Mr. Bellet, if Mr. Gentile is willing to represent Mr. Miller, then he may do so. I'm not going to allow any default to be taken at this time as long as --

MR. BELLET: I want to see a retainer.

THE COURT: That's none of your business, Mr. Bellet.

MR. BELLET: Oh yes it is my business. It's very much my business. And who the hell are you to talk to me like that?

THE COURT: Mr. Bellet, if you --

MR. BELLET: I don't give a damn what title you have.

THE COURT: Mr. Bellet, if you continue, I will dismiss this case, and I will hold you in contempt. Now back off.

MR. BELLET: Oh yeah? Goodbye." [187, pp.5-6].

At that point, plaintiff hung up the telephone.

**ANALYSIS**

"Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates . . . . These powers are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991), rehearing denied, 501 U.S. 1269 (1991). "A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." Id., pp.44-45.

Although "outright dismissal of a lawsuit . . . is a particularly severe sanction, [it] is within the court's discretion." Id., p.45. "For . . . abusive tactics that do not directly relate to discovery, this Court must rely on its inherent power to sanction bad-faith conduct." Blum v. Schlegel, 1996 WL 925921, *5 (W.D.N.Y.1996) (Skretny, J.), aff'd on other grounds, 108 F.3d 1369 (2d Cir. 1997)(unpublished opinion).

In Blum, Judge Skretny dismissed an action in which the plaintiff repeatedly made baseless accusations against the court: "Blum continued his campaign of insults and improper influence charges with the intent to harass and intimidate the Court and his opponents. A court of law cannot tolerate such unacceptable conduct . . . . Blum's conduct here is so vituperative, debasing, insulting and threatening as to infect the integrity of the judicial process. Its only purpose could be harassment. Such conduct by a claimant who seeks relief from our judicial system will not be tolerated. The appropriate remedy for such abuse is to dismiss the claim under this court's inherent powers." Id., **8, 12-13.

Judge's Skretny's reasoning in Blum is equally applicable in this case. I do not make this decision lightly, recognizing that "dismissal is a harsh remedy, not to be utilized without a careful weighing of its appropriateness". Dodson v. Runyon, 86 F.3d 37, 39 (2d Cir. 1996). "[O]ne of the factors that should inform a trial court's decision is the suitability of lesser sanctions." Id. If plaintiff's outburst on December 9, 2011 were an isolated occurrence, I might be inclined to impose a less drastic sanction than outright dismissal.

However, I am "free to consider the full record in the case in order to select the appropriate sanction". Southern New England Telephone Co. v. Global NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010). Plaintiff's demonstrated history of disrespect for this court's authority,

coupled with his disregard of my express warnings on June 23, 2011[161] and December 9, 2011 [187], leaves me convinced that if a lesser sanction were imposed, his "obstructionist and abusive tactics would continue undeterred". Blum, *12.

"This Court has not lost sight of the strong interest in resolving cases on the merits. [Plaintiff], however, will not allow it notwithstanding his empty rhetoric to the contrary. He has chosen to prove that he is a victim of the judicial process rather than a victim on the substantive merits. By harassing and attempting to intimidate the Court and counsel, [plaintiff] has infected all of the pretrial procedures and interfered egregiously with the court's administration of justice . . . . When a litigant resorts to such tactics, rather than respect the judicial process as a means to litigate the substance of his claims, he eviscerates the Court's ability to fairly adjudicate them on the merits." Id., *11.

In National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976), the Court noted that "the most severe in the spectrum of sanctions . . . must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent". Plaintiff's repeated and blatant misconduct leaves me with "little alternative to dismissal. Any other course would place the credibility of the Court in doubt and invite even further abuse." Gantt v. Maryland Division of Correction, 894 F.Supp. 226, 230 (D.Md. 1995), aff'd, 73 F.3d 357 (4th Cir. 1996) (unpublished opinion).

**CONCLUSION**

"This case, so there is no question, shall be dismissed with prejudice pursuant to the Court's inherent power . . . . The court, jealous of its integrity and concerned about deterrence, is entitled to send a message, loud and clear." Blum, *13. The clerk of the court shall enter judgment accordingly.

**SO ORDERED.**

Dated: December 30, 2011

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge