UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KENNETH J. BELLET,

                                 Plaintiff,

v.

CITY OF BUFFALO, et al.,

                                 Defendants.
_____

**DECISION AND ORDER**

03-CV-00027(M)

        Before me is plaintiff's motion [193] seeking to vacate my December 30, 2011 Decision and Order dismissing this action [191] and, presumably, the Judgment of Dismissal dated January 3, 2012 [192].

        Since final judgment has been entered, I will analyze plaintiff's motion pursuant to Fed. R. Civ. P. ("Rule") 60(b). That Rule authorizes the court "[o]n motion and just terms, to relieve a party . . . from a final judgment, order or proceeding". Such a motion "is addressed to the sound discretion of the trial court", National Petrochemical Co. of Iran v. M/T Stolt Sheaf, 930 F.2d 240, 244 (2d Cir.1991), meaning that "a party has no *right* to relief" under Rule 60(b). 12 Moore's Federal Practice, §60.22[1] (Matthew Bender 3d ed.) (emphasis in original).

        The only exception to this rule is where the judgment is void (*see* Rule 60(b)(4)). "[I]f a court determines that a judgment is truly void, and not simply erroneous . . . the court really has no discretion at all; it must recognize that the judgment is a nullity and grant relief." Moore's Federal Practice, §60.44[5][a]. Had plaintiff again raised his previous argument that he did not consent to proceeding before a magistrate judge, I would have to determine whether the dismissal was in excess of my authority, and therefore void. However, plaintiff apparently

now admits that on March 29, 2010 he consented to have me conduct all further proceedings in this case [125], stating only that he "should have objected, but didn't". Plaintiff's Affirmation [193], ¶13. Therefore, he cannot argue that the dismissal is void.

Plaintiff suggests that I have repeatedly adjourned the trial so as to deprive him of his day in court (id., ¶4), ignoring the fact that several of the adjournments were at his request or by consent of all parties (*e.g.* [144, 147, 170, 171]). He claims that he has outstanding discovery demands and unresolved motions (plaintiff's Affirmation [193], ¶12), but he fails to identify them. He claims that I had an improper *ex parte* communication with opposing counsel (id., ¶17), which is not true. Upon receipt of counsel's October 7, 2011 letter [186] regarding plaintiff's request for entry of default against defendant Donald Miller [178], I issued a Text Order [179] scheduling a conference for October 13, 2011 to address that issue. At plaintiff's request, I adjourned that conference twice [180, 182], and it was again adjourned to December 9, 2011 [184].

Contrary to plaintiff's suggestion that the call "was for no lawful purpose" (plaintiff's Affirmation [193], ¶16), the call was for the purpose of discussing counsel's proposal in his October 7 letter to accept service on behalf of defendant Miller, who had not been properly served. I allowed plaintiff (and opposing counsel) to participate by telephone (rather than in person) as a courtesy to them. At no time did plaintiff suggest that he was not able to participate in the December 9 conference call.

Plaintiff attempts to justify his conduct during that conference call by stating that "three people were talking at the same time and shouting at me, threatening me if I didn't hang-up, so I did." Plaintiff's Affirmation [193], ¶17. The transcript of that conference [187] does

not bear him out: nobody was shouting at plaintiff, and nobody threatened him if he did not hang up.  It was plaintiff who was shouting, and plaintiff who decided to hang up, after stating to me "who the hell are you to talk to me like that?  I don't give a damn what title you have." Id., p. 6.

Rule 60(b)(1) authorizes the court to grant relief due to "mistake, inadvertence, surprise, or excusable neglect".  However, "[i]n any context, deliberate or willful conduct on the part of the person seeking relief from the judgment precludes, by its very nature, a finding of 'mistake' or 'inadvertence' or 'surprise' or 'excusable neglect'." Moore's Federal Practice, §60.41[1][c][I]. While Rule 60(b)(6) also authorizes relief for "any other reason that justifies relief", it is well settled that "the broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made". 11 Wright, Miller, Kane, Federal Practice & Procedure (Civil) §2864 (2d ed.). "Rule 60(b) cannot, therefore, be employed simply to rescue a litigant from . . . choices that later turn out to be improvident." Good Luck Nursing Home, Inc. v. Harris, 636 F.2d 572, 577 (D.C. Cir. 1980).

## CONCLUSION

Plaintiff offers no persuasive reason for this court to relieve him of the consequences of his deliberate misconduct on December 9, 2011.  His motion to vacate the dismissal of this action is therefore denied.

**SO ORDERED.**

Dated: February 10, 2012

                                                /s/ Jeremiah J. McCarthy  
                                                JEREMIAH J. MCCARTHY  
                                                United States Magistrate Judge